Supreme Court

In the Matter of Gail A. Balser.          No. 2017-93-M.P.


**ORDER**

This matter is before the Court pursuant to a petition for reciprocal discipline filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure. The respondent, Gail A. Balser, was admitted to the practice of law in this state on November 4, 1999, and is presently an active member of the bar. She was also admitted to the practice of law in the Commonwealth of Massachusetts.

On April 15, 2016, a Justice of the Supreme Judicial Court for the Commonwealth of Massachusetts entered an order of term suspension suspending respondent from the practice of law in the Commonwealth for a period of four years, commencing on May 15, 2016.[1] A certified copy of that order was forwarded to Disciplinary Counsel by the Board of Bar Overseers of the Massachusetts Supreme Judicial Court.

On May 4, 2016, counsel filed his petition for reciprocal discipline. On May 19, 2016, we issued an order to respondent providing her thirty days to assert any claim she may have that the imposition of reciprocal discipline should not be imposed.[2] The respondent submitted her response on June 20, 2016, and requested additional time to supplement that response. By

---

[1]  After a finding that respondent was in contempt of provisions of the order of term suspension, the four-year period of suspension was extended to run for four years from February 21, 2017.

[2]  On May 12, 2016, the respondent filed a notice of appeal seeking review by the full Supreme Judicial Court of the order of the justice. That appeal was withdrawn on June 2, 2016.

agreement with Disciplinary Counsel she was granted an extension until October 14, 2016, to provide that information. The respondent has not submitted any further information despite being granted the opportunity to do so.

This court directed respondent to appear before us at our conference on May 11, 2017.[3] The respondent failed to appear. Accordingly, we decide this petition based upon the information submitted by Disciplinary Counsel and respondent's reply of June 20, 2016. After review of the record, we determine respondent has failed to show cause why identical reciprocal discipline should not be imposed.

The respondent's conduct giving rise to these proceedings is as follows. First, while respondent was serving as the secretary and trustee of a corporation created for the purpose of developing real estate, she converted real estate that properly belonged to the corporation to her own use by amending the name of the grantee of a deed to the corporation to her own name, and recording the amended deed. She then recorded deeds to different units in the real estate development to herself and her mother, leased and sold units for profit, and subsequently lied under oath about having done so.

Second, while acting as a real estate broker, respondent made material misrepresentations to buyers that a condominium unit had not sustained water damage, when she knew that the unit had in fact suffered from water in the basement. When the buyers subsequently filed a civil action based in part on her misrepresentations, respondent gave false testimony during both her deposition and at a subsequent trial. A judgment was entered against respondent in that litigation in the amount of $45,000, doubled pursuant to Mass. Gen. Laws ch. 93A, and she was also ordered to pay the buyers reasonable attorneys fees and costs.

---

[3] This matter had been scheduled for an earlier date, which was continued by agreement between respondent and disciplinary counsel.

Third, while representing a client in a real estate transaction respondent received $10,000 from the client to be held in trust. The respondent withdrew the funds to her own use. Forty-five days later respondent made restitution of those funds.

Finally, respondent failed to cooperate with the Board of Bar Overseers during the disciplinary investigation of her misconduct. Additionally, she gave false testimony at the ensuing disciplinary hearing, and presented fabricated evidence.

Rule 14 entitled "Reciprocal discipline" provides, in pertinent part:

"(d) *** this Court shall impose the identical discipline unless Counsel or the respondent-attorney demonstrates, or this Court finds, that upon the face of the record upon which the discipline is predicated, it clearly appears:

"(1) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not consistently with its duty accept as final the conclusion on that subject; or

"(3) that the imposition of the same discipline would result in grave injustice; or

"(4) that the misconduct established has been held to warrant substantially different discipline in this State."

We determine that respondent has failed to show, and the record does not reveal, that any of the above-noted reasons that would cause us to refrain from imposing identical discipline are present in this matter. The respondent was provided with a seven-day evidentiary hearing before the Massachusetts Board of Bar Overseers at which eighty-nine exhibits were introduced into evidence. She was represented by counsel throughout the hearing, and testified on her own behalf. She had a further hearing before a justice of the Supreme Judicial Court, and filed an appeal of the order of suspension, an appeal which she voluntarily withdrew. She received all of the process to which she was due. Our review of the record reveals no infirmity of proof that

3

would cause us to reject the conclusion of the Supreme Judicial Court that respondent has committed serious misconduct.

We find that the discipline imposed by our sister jurisdiction is appropriate for her level of misconduct. She engaged in a pattern of deceitful conduct relating to several clients, and provided false testimony at a deposition, a trial, and her disciplinary hearing. She misappropriated funds that had been entrusted to her by a client. A four-year suspension is clearly warranted.

Accordingly, the respondent, Gail A. Balser, is hereby suspended from the practice of law in this state for four years, commencing from the date of this order.

Entered as an Order of this Court this *19th* day of *May 2017.*

By Order,

_____/s/_____
Clerk

4